# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY B. TILLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF PRISON TERMS,<br><br>    Defendant.<br>_____ / | CASE NO. 1:11-cv-00138-LJO-SMS PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 9, 10)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**I.**     **Screening Requirement**

Plaintiff Anthony B. Tillman ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. A complaint and application to proceed in forma pauperis were filed on January 26, 2011, however the documents were not signed. Fed. R. Civ. P. 11(a). On order was issued on January 28, 2011, directing Plaintiff to file a signed complaint and application to proceed in forma pauperis within twenty one days. (ECF No. 3.) Plaintiff failed to file a signed complaint and on April 7, 2011, findings and recommendations issued recommending that the action be dismissed for failure to comply with a court order. (ECF No. 9.) On April 19, 2011, Plaintiff filed a signed document entitled objections to findings and recommendations which the Court construes as Plaintiff's first amended complaint. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

## II.   Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Old Folsom State Prison. In 1985, Plaintiff was convicted of multiple offenses, including kidnaping and robbery with a firearm enhancement, and sentenced to nineteen years to life in prison. (Obj. 1, ECF No. 10.) Plaintiff alleges that he should have been released in 2004, and has exceeded his sentence by seven years in violation of the Eighth Amendment. (Id. at 1-2.) The Parole Board failed to consider the circumstances of his commitment offenses and set forth come evidence of current danger to the public at his parole hearing on November 22, 2010. Plaintiff argues that he is suitable for probation and seeks seven million dollars. (Id. at 3.)

## III.   Discussion

When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff is clearly challenging the legality or duration of his custody. Plaintiff alleges that the Parole Board denied his probation and he should have been released in 2004. Since the success

in this action would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. Therefore Plaintiff has failed to state a cognizable claim under section 1983 and the action shall be dismissed without prejudice.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

It is HEREBY ORDERED that:

1. The findings and recommendations issued April 7, 2011, is VACATED;
2. This action is dismissed, without prejudice, for failure to state a claim under section 1983,
3. The Clerk's Office shall enter judgment;
4. All pending motions are terminated; and
5. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   April 21, 2011**               /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE

3